IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JAMONEY CONARD, Y28834, | ) )  ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 21-cv-793-DWD |
| C/O JAMES, JOHN DOE 1, JOHN DOE 2. | ) ) ) ) ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**DUGAN, District Judge:**

Plaintiff Jamoney Conard, an inmate of the Illinois Department of Corrections (IDOC) currently detained at Danville Correctional Center (Lawrence), brings this civil rights action pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights at Lawrence Correctional Center (Lawrence). (Doc. 13). Plaintiff claims that on February 20, 2021, he slipped and fell in a common area of the prison, and the defendants were liable for his fall because they knew of but failed to remedy the leaky plumbing that caused his fall. He requests compensatory and punitive damages.

Plaintiff's Amended Complaint (Doc. 13) is now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a)-(b). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by

law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Amended Complaint

On February 17, 2022, the Court directed Plaintiff to file an amended complaint because it found that the facts alleged in his original complaint did not rise to the level of an Eighth Amendment violation. Plaintiff's amended complaint is substantially similar to the originally.

Plaintiff alleges that on February 20, 2021, he slipped and fell while walking past lower cells, C-12 and 13. (Doc. 13 at 6). Although he was in a lot of pain, he was able to stand up. Plaintiff looked around and noticed water coming from the sink/toilet area of cell C-13. The next day Plaintiff reported his slip and fall to Defendant James, who indicated that he was aware of the leak and had been contacting maintenance for the last two weeks to get it fixed. James notified healthcare about Plaintiff's fall, and he placed a wet-floor sign at the scene. Plaintiff alleges that James' conduct amounted to deliberate indifference because he knew about the plumbing issue for two weeks but he failed to get it fixed or to put up a warning sign. He argues that this amounts to a failure to protect.

Plaintiff alleges that John Doe 1, the Chief Engineer at Lawrence, and John Doe 2, the plumber, had actual knowledge of the leak at cell C-13 for at least two weeks, but they failed to act. Plaintiff alleges that these two defendants were also deliberately indifferent given their failure to act.

In closing, Plaintiff adds that he is diabetic, so he is unsure how long his injuries will take to heal. (Doc. 13 at 7). He alleges that he has required physical therapy twice a week since the injury, and his hernia has worsened.

## Analysis

A prisoner can state a claim under the Eighth Amendment by alleging facts suggesting that prison officials knowingly disregarded a substantial risk of serious harm to the prisoner. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). This means that the plaintiff must allege facts supporting an inference that defendants were personally aware of facts from which an inference could be drawn that a dangerous condition posed a substantial risk of serious harm, and that the defendants actually drew that inference. An "allegedly dangerous prison condition must deprive an inmate of 'the minimal civilized measure of life's necessities.'" *Christopher v. Buss*, 384 F.3d 879, 882 (7th Cir. 2004). "When the complaint alleges that the defendant failed to protect the plaintiff from a known dangerous condition, the question of deliberate indifference can be phrased as whether society would consider the plaintiff's exposure to that condition so grave as to 'offend contemporary standards of decency.'" *Id.*

Federal courts have generally concluded that slippery floors by themselves, do not amount to an Eighth Amendment violation because they constitute a risk faced by members of the public at large, and the possibility of falling on them does not constitute a substantial risk of serious harm. *See Pyles v. Fahim*, 771 F.3d 403, 410 (7th Cir. 2014) ("slippery surfaces and shower floors in prisons, without more, cannot constitute a hazardous condition of confinement); *Reynolds v. Powell*, 370 F.3d 1028, 1031-32 (10th Cir.

2004) (slippery floors are a daily risk faced by members of the public, there is nothing unique about an inmate's situation that will permit him to constitutionalize what is otherwise a state law tort claim); *LeMaire v. Maass*, 12 F.3d 1444, 1457 (9th Cir. 1993) (even being required to shower in handcuffs and shackles did not make a slippery floor cruel and unusual punishment). "Although wet floors do present a possibility that inmates might slip…[such] allegations do not suggest a *substantial* risk of serious harm that reflects the deliberate indifference required to impose liability under the Eighth Amendment." *Bell v. Ward*, 88 Fed. App'x 125, 127 (7th Cir. 2004) (emphasis in original). By contrast, the Seventh Circuit held that the risk of slipping and falling may rise to the level of a substantial risk of serious harm if there are additional dangerous factors. *Anderson v. Morrison*, 835 F.3d 681, 682-83 (7th Cir. 2016) (finding that an inmate faced a substantial risk of serious harm because he was forced to walk handcuffed down wet stairs that were strewn with trash, which made it more hazardous than just a wet floor).

Plaintiff's amended complaint is substantially the same as the original. In an attempt to differentiate the amended complaint, Plaintiff placed more emphasis on the theory of failure to protect, and the fact that all the defendants allegedly knew about the risk for two weeks. Unfortunately, Plaintiff's expanded allegations are unavailing. A slippery floor, or a spill, even one that staff knew about, is not a condition that poses a substantial or serious risk to inmate health or safety. *See Bell*, 88 Fed. App'x at 127 (a wet floor, even one guards knew about, shows negligence at most, but negligence is not enough to support a claim of deliberate indifference). The existence of a wet floor or a leak simply does not deprive an inmate of the 'minimal civilized measure of life's

necessities.' Plaintiff's allegations may well form the basis for a tort claim in state court, but the facts presented do not rise to the level of a constitutional violation. The Court does not find it necessary to allow another chance to amend the complaint, because it is not apparent that anything about this slip-and-fall could add up to a sufficient Eighth Amendment claim. Accordingly, Plaintiff's amended complaint is dismissed with prejudice for failure to state a claim.

### Disposition

Plaintiff's Amended Complaint is **DISMISSED** with **PREJUDICE** for failure to state an Eighth Amendment claim based on his slip-and-fall. His Motion for Status (Doc. 11) is **DENIED** as **MOOT**. The Clerk of Court is **DIRECTED** to enter judgment consistent with this Order and to close this case.

**IT IS SO ORDERED.**

Dated: May 6, 2022

DAVID W. DUGAN
United States District Judge